Debbie P. Kirkpatrick, Esq. (SBN 207112)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
3667 Voltaire Street
San Diego, CA  92106
Tel: 619/758-1891
Fax: 619/222-3667
dkirkpatrick@sessions-law.biz

Attorney for Defendant NCO Financial Systems, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA TICZON, an individual, | ) Case No.:  CV08-1054 PJH |
| Plaintiff, | ) |
| vs. | ) NCO FINANCIAL SYSTEMS, INC.'S ) ANSWER TO COMPLAINT |
| AMERICAN EXPRESS CORPORATION; NCO FINANCIAL SYSTEMS, INC.; DOES 1 THROUGH 10, | ) ) ) ) |
| Defendants. | ) ) |

Defendant NCO Financial Systems, Inc. ("NCO"), submits this Answer and Affirmative Defenses to Plaintiff's Complaint and states as follows:

I.  INTRODUCTION

1.      NCO admits that plaintiff purports to seek redress for violations of "California and Federal laws regulating consumer debt collection practices" as alleged in ¶ 1 of the Complaint, but NCO denies violating the Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code §§ 1788 *et seq.*) ("CA FDCPA") or the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692, *et seq.*) ("FDCPA") and further denies any liability or wrongdoing under the law.

2.      NCO admits when it acts as a debt collector as defined by the CA FDCPA its conduct may be governed by the applicable provisions of that statute.   Except as specifically admitted, NCO denies the remaining allegations contained in ¶ 2.

3.       NCO admits the allegations contained in ¶ 3 of the Complaint.

4.      NCO admits that plaintiff seeks the relief identified in ¶ 4 of the Complaint, but NCO denies violating the FDPCA, the CA FDCPA or any other law and further denies any liability or wrongdoing under the law.

## II. JURISDICTION AND VENUE

5.      NCO admits the allegations in ¶ 5 of the Complaint for jurisdiction purposes only.

6.      NCO admits the allegations in ¶ 6 of the Complaint for venue purposes only.

## III. PARTIES

7.      NCO lacks sufficient information to answer the allegations contained in ¶ 7, and based thereon denies the same.

8.      NCO lacks sufficient information to answer the allegations contained in ¶ 8, and based thereon denies the same.

9.      NCO admits it has its principal office at the address stated in ¶ 9. NCO further admits when it acts as a debt collector as defined by the FDCPA and/or CA FDCPA, its conduct may be governed by the applicable provisions of those statutes. Except as specifically admitted, NCO denies the remaining allegations contained in ¶ 9.

10.      NCO lacks sufficient information to answer the allegations contained in ¶ 10, and based thereon denies the same.

11.      NCO lacks sufficient information to answer the allegations contained in ¶ 11, and based thereon denies the same.

#### IV. FACTUAL ALLEGATIONS

12.    NCO admits American Express placed plaintiff's account ending in 1009 with NCO for collection on or about December 12, 2007.  Except as specifically admitted, NCO lacks sufficient information to respond to the remaining allegations contained in ¶ 12 and based thereon denies the same.

13.    NCO lacks sufficient information to answer the allegations contained in ¶ 13, and based thereon denies the same.

14.    NCO lacks sufficient information to answer the allegations contained in ¶ 14, and based thereon denies the same.

15.    NCO lacks sufficient information to answer the allegations contained in ¶ 15, and based thereon denies the same.

16.    NCO lacks sufficient information to answer the allegations contained in ¶ 16, and based thereon denies the same.

17.    NCO lacks sufficient information to answer the allegations contained in ¶ 17, and based thereon denies the same.  NCO avers the original of the letter attached to the Complaint as Exhibit A is the best evidence of its contents.

18.    NCO admits American Express placed plaintiff's account ending in 1009 with NCO for collection on or about December 12, 2007.  Except as specifically admitted, NCO denies the remaining allegations contained in ¶ 18.

19.    NCO admits its records reflect a letter of the type attached to the Complaint as Exhibit B was sent to plaintiff on or about December 13, 2007.  NCO avers the original of the letter attached to the Complaint as Exhibit B is the best evidence of its contents.  Except as specifically admitted, NCO denies the remaining allegations contained in ¶ 19.

20.    NCO admits its records reflect a letter of the type attached to the Complaint as Exhibit B was sent to plaintiff on or about December 13, 2007.  NCO avers the original of the letter attached to the Complaint as Exhibit B is the best evidence of its

contents.  Except as specifically admitted, NCO denies the remaining allegations contained in ¶ 20.

21.    NCO denies the allegations contained in ¶ 21.

## CLAIM FOR RELIEF

22.    NCO incorporates its responses to paragraphs 1 through 21, inclusive, of the complaint as though set forth in full.

23.    NCO denies the allegations contained in ¶ 23.

## AFFIRMATIVE DEFENSES

1.    One or more of the Counts contained in the Complaint fail to state a claim upon which relief may be granted.

2.    Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such violation.

3.    Pursuant to California Civil Code § 1788.30(e), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted notwithstanding maintenance of procedures reasonably adapted to avoid any such violation.


Dated: 2/26/08                              SESSIONS, FISHMAN, NATHAN
                                            & ISRAEL, L.L.P.


                                            __/s/Debbie P. Kirkpatrick_____
                                            Debbie P. Kirkpatrick
                                            Attorney for Defendant
                                            NCO Financial Systems, Inc.